(No. 5081— )

THE COUNTY OF RANDOLPH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

WILLIAM A. SCHUWERK, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, County of Randolph, seeks reimbursement of $12,903.00 in expenses incurred by claimant and its officials for services performed in connection with court proceedings involving petitions for Writs of Habeas Corpus by the inmates of the Illinois State Penitentiary and the Illinois Security Hospital. These are penal and charitable institutions of the State of Illinois. Both are located within the County of Randolph.

## The parties have stipulated as follows:

"First: That divisions of the Illinois State Penitentiary, a State penal institution of the State of Illinois, are situated in Randolph County, Illinois;

"Second: That Petitions for Writs of Habeas Corpus *in forma pauperis* by inmates of the Illinois State Penitentiary, not residents of or committed from Randolph County, are frequently filed in the Circuit Court of Randolph County;

"Third: That by virtue of certain statutory provisions (Chap. 65, Pars. 37, 38 and 39, Ill. Rev. Stats., 1961) the State of Illinois is required to assume and pay the necessary expenses, including all costs and fees of County officers, arising from such Petitions for Writs of Habeas Corpus;

"Fourth: That attached to the complaint as claimant's exhibit 'A' is a list of the Petitions for Writs of Habeas Corpus *in forma pauperis* filed in the Circuit Court of Randolph County between the dates of October 31, 1960 and October 31, 1962, inclusive, which is a true and correct itemization of said petitions filed between the said dates, and, further that in all cases on the said exhibit 'A', wherein amounts are itemized as Sheriff's fees and State's Attorney's fees, Writs of Habeas Corpus were issued and hearings held before the Circuit Court of Randolph County;

"Fifth: That claimant, County of Randolph, claims in this action all amounts to which it is entitled in the cases listed in exhibit 'A' for filing fees, Sheriff's fees and State's Attorney's fees, and, further, that a similar claim based upon similar items of expenses, but arising out of other cases, was presented by the County of Randolph, and determined by this Court in Claim No. 4854, 23 C.C.R. 136, and again in Claim No. 4959, opinion filed May 9, 1961;

"Sixth: That none of the petitioners set forth in exhibit 'A', attached to the complaint herein, were residents of or committed from Randolph County, Illinois;

"Seventh: That no claim has been presented to any State Department other than the filing of the complaint herein, and that there has been no assignment of any of the items herein claimed;

"Eighth: That the Board of County Commissioners of Randolph County adopted a resolution on February 15, 1962 imposing an additional fee of $1.00 upon all cases filed in the Circuit Court of Randolph County for library purposes as authorized by Ill. Rev. Stats., 1961, Chap. 81, Par. 81;

"Ninth: That this stipulation is entered into solely as a stipulation of fact for the purpose of avoiding the necessity of presenting testimony, and, if conclusions are included herein, they are not to be binding upon either the parties or the Court."

The Commissioner's Report stated that the Commissioner, the State's Attorney of Randolph County, and an Assistant Attorney General of the State of Illinois appeared in the Circuit Court of Randolph County, and

examined the entries in the court docket. The Commissioner found that the amounts prayed for in the complaint are true and accurate, and that claimant is entitled to be paid the total sum of $12,903.00.

We, therefore, award the County of Randolph the sum of $12,903.00.